**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55000-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BOYD K. STACY, | |
| Appellant. | |

WORSWICK, J. – In 2018, law enforcement engaged in a high speed pursuit of Boyd Stacy who was driving a large flatbed truck that had been stolen from a local lumber store. Subsequently, Stacy pleaded guilty to attempting to elude a pursuing police vehicle, and a jury found him guilty of first degree taking of a motor vehicle without permission.

Stacy filed a pro se CrR 7.8 motion to vacate the first degree taking of a motor vehicle without permission conviction. Stacy argued that newly discovered evidence—the sister of the man who allegedly sold the truck to Stacy—justified a new trial and that he received ineffective assistance of counsel because his counsel failed to adequately interview and call witnesses to support his defense. The trial court denied the motion, concluding that the motion "lacked merit."

Stacy appeals the trial court's denial of his CrR 7.8(b)(2) and (b)(5) motion. While this appeal was pending before our court, we issued an opinion in a companion case wherein Stacy appealed his convictions. In that opinion, we held that Stacy is entitled to withdraw his guilty plea because he was misinformed as to a direct consequence of his plea. We further held that the

No. 55000-8-II

trial court violated Stacy's right to present a defense by excluding his defense witness and that error was not harmless.

Because we reversed Stacy's convictions in that companion case, this appeal is now moot. *In re Det. of J.S.*, 138 Wn. App. 882, 889, 159 P.3d 435 (2007) (an issue is moot when a court can no longer provide meaningful relief). Because there is no effective relief that we may provide based on our opinion in the companion case reversing the underlying convictions, we dismiss this appeal as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, J.

Cruser, J.

2